UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, D/B/A FANNIE MAE,

            Plaintiff,

                v.

RIVER HOUZE, LLC,

            Defendant.

_____/

Case No. 21-cv-10958

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DENYING DEFENDANT RIVER HOUZE AND INTERVENOR-DEFENDANT LIVRIVERHOUZE'S MOTION TO CONTINUE FACILITATION AND ORDER ADJOURNMENT OF FORECLOSURE (ECF NO. 64)

### I. INTRODUCTION

On April 27, 2021, Plaintiff Federal National Mortgage Association, a corporation established pursuant to 12 U.S.C. § 1716 *et seq.* ("Fannie Mae"), initiated this action alleging Defendant River Houze, LLC ("River Houze") has defaulted on a mortgage held by Fannie Mae on the multi-family commercial property located at 9000 East Jefferson Avenue, Detroit, Michigan 48214 (the "Property"). ECF No. 1. Accordingly, Fannie Mae seeks to enforce the mortgage—

1

including assigning rents and appointing a receiver—as well as to enjoin River Houze from transferring, expending, distributing, concealing, destroying, damaging or otherwise diminishing the Property. *Id.* at PageID.16-19.

Presently before the Court is Defendant River Houze[1] and Intervenor-Defendant LivRiverHouze, LLC's ("LivRiverHouze") Motion to (1) Continue Facilitation, and (2) Order Adjournment of Foreclosure, filed on February 1, 2022. ECF No. 64.  *Id*.  The Motion is fully briefed, and pursuant to E.D. Mich. LR 7.1(f)(2), the Court will resolve the Motion without a hearing.  Upon review of the parties' submissions, and for the reasons articulated *infra*, the Court will **DENY** the Motion.

## II.   BACKGROUND

### A. Defendant River Houze's Corporate Structure

River Houze is a Michigan limited liability company.  ECF No. 1, PageID.2. Its members are (i) LivRiverHouze, a Michigan limited liability company; (ii) JeffRiverHouze Management, Inc., a Michigan corporation ("JeffRiverHouze"); and (iii) River Houze Junior, LLC, a Michigan limited liability company ("River Houze Junior").  ECF No. 35, PageID.883.  LivRiverHouze and River Houze Junior are

---

[1] As discussed in greater detail *infra*, the parties dispute whether the Motion is properly brought on behalf of Defendant River Houze.

2

both 49.5% owners of River Houze, while JeffRiverHouze holds the remaining 1% interest.  ECF No. 20, PageID.792.  Arie Leibovitz Living Trust u/a/d June 4, 1986 ("Arie Leibovitz Living Trust") owns 50% of JeffRiverHouze, *id.* at PageID.792-93, as does Joe Barbat, ECF No. 71, PageID.1328.

RiverMax, LLC is the sole member of LivRiverHouze, and the sole member RiverMax, LLC is Barbat Holdings, LLC.  ECF No. 35, PageID.883.  The members of Barbat Holdings, LLC are (i) Nora Barbat Living Trust dated January 2, 2003; (ii) Joe S. Barbat Children's Trust Agreement F/B/O Jules Ann Barbat dated March 26, 2018; (iii) Joe S. Barbat Children's Trust Agreement F/B/O Savannah Barbat dated March 26, 2018; and (iv) Joe S. Barbat Children's Trust Agreement F/B/O Brooklynn Barbat dated March 26, 2018.  *Id*.

The members of River Houze Junior LLC are (i) Fred Blechman, (ii) Adam Lutz, (iii) Scott Leibovitz, (iv) Barbak Leibovitz, (v) Karen Atkins, (vi) Patrick and Kathi Kobylarz Trust, and (vii) Arie Holdings, LLC.  *Id*.  Further, the members of Arie Holdings, LLC are (i) Arie Leibovitz Trust Agreement F/B/O Anthony M. Leibovitz, (ii) Arie Leibovitz Trust Agreement F/B/O Barak D. Leibovitz, (iii) Arie Leibovitz Trust Agreement F/B/O Jay B. Leibovitz, (iv) Arie Leibovitz Trust Agreement F/B/O Scott M. Leibovitz, (v) Arie Leibovitz Trust Agreement F/B/O

Marli K. Bartholomew, (vi) Arie Leibovitz Trust Agreement F/B/O Ellie B. Bartholomew, and (vii) Arie Leibovitz Living Trust. *Id.* at PageID.883-84.

Ultimately, the key principals of River Houze are Joe Barbat and Arie Leibovitz, who own equal shares of the membership interests in Defendant. ECF No. 74, PageID.1345-46. However, as discussed in greater detail *infra*, the relevant entities currently named as parties in this case are Defendant River Houze, Intervenor-Defendant LivRiverHouze, Intervenor-Defendant River Houze Junior (hereinafter "Junior"), and Intervenor-Defendant Arie Leibovitz Living Trust (hereinafter the "Trust").

### B. Factual Background

On March 11, 2020, nonparty Berkadia Commercial Mortgage, LLC ("Berkadia") loaned River Houze $35,919,000.00. ECF No. 1, PageID.5. This loan is evidenced by a Multifamily Promissory Note and secured by a Mortgage on the Property. *Id.* at PageID.6. Shortly thereafter, River Houze and Fannie Mae executed a financing statement granting River Houze's "interest in all property located on or used or acquired in connection with the operation and maintenance of" the Property as collateral for Fannie Mae. ECF No. 1-6, PageID.174. Berkadia assigned its interest in the Note and Loan Documents to Fannie Mae. ECF No. 1, PageID.8. On

4

May 15, 2020 Berkadia similarly assigned the Mortgage to Fannie Mae, effective as

of March 11, 2020.  *Id.*

Since it obtained the Mortgage, Fannie Mae alleges the following Events of

Default, as defined under the Loan Agreement, have occurred:

> failure to prevent mechanic's liens to be recorded against the Property
> ([ECF No. 1-4], Sec. 11.02(a)(2), 14.01(b)(4)); failure to timely notify
> Fannie Mae of litigation ([ECF No. 1-4], Sec. 4.02(f)); submission of
> false financial information to Fannie Mae and/or Berkadia ([ECF No.
> 1-4], Sec. 14.01(a)(5)(B)); submission of false construction draw
> requests and misappropriation of loan proceeds ([ECF No. 1-4], Sec.
> 14.01(a)(5)(B)/(C)); failure to maintain accurate books and records
> ([ECF No. 1-4], Sec. 8.02); a request for an unauthorized Transfer
> ([ECF No. 1-4], Sec. 14.01(a)(6)); and commencement of action that
> may materially impair Fannie Mae's lien ([ECF No. 1-4], Sec.
> 14.01(a)(8)).

*Id.* at PageID.13.  Fannie Mae learned of several of these events due to "a hostile

dispute between the members of" River Houze in Michigan state court.  *Id.* at

PageID.8-10.  Specifically, Junior and the Trust sued River Houze, Joe Barbat,

LivRiverHouze, JeffRiverHouze, and Houze Living, LLC, seeking appointment of

a receiver and requesting the Property be sold.[2]  *Id.* at PageID.9.

---

[2] Prior to Fannie Mae initiating the instant action, the state court plaintiffs withdrew
their request for the appointment of a receiver without prejudice, and that case was
stayed pending arbitration between the parties.  ECF No. 1, PageID.9.

## C. Procedural Background

Accordingly, on April 27, 2021, Fannie Mae filed the instant breach of contract action seeking enforcement of the mortgage—including assignment of rents and appointment of a receiver—as well as to enjoin River Houze from transferring, expending, distributing, concealing, destroying, damaging or otherwise diminishing the Property. *Id.* at PageID.16-19. The same day, Fannie Mae filed a Motion for Appointment of a Receiver and for Preliminary Relief. ECF No. 3.

The next day, LivRiverHouze filed a Motion to Intervene or for Extension of Time to Respond to Receiver Motion. ECF No. 5. LivRiverHouze sought intervention because it "ha[d] had some difficulty obtaining approval from the other members [of River Houze] to timely present the members' cohesive plan to Fannie Mae within the time parameters that Fannie Mae prefers . . . ." *Id.* at PageID.387. Fannie Mae did not oppose the intervention, though it did oppose the extension of time to respond. ECF No. 9. The Court held a status conference regarding the Motions for Appointment of a Receiver and to Intervene on May 5, 2021 and ordered expedited briefing on each. ECF No. 13. On May 13, 2021, the Court entered a stipulated order authorizing LivRiverHouze's intervention. ECF No. 17.

Then, on May 17, 2021, Junior and the Trust moved for limited intervention as the owners of fifty percent of Defendant. ECF No. 20. Specifically, Junior and

6

the Trust sought to "intervene in this matter for the limited purpose of their becoming subject to any order of this Court compelling facilitation." *Id.* at 794. That same day, they also filed an *Ex Parte* Motion for Expedited Hearing on the aforementioned motion to intervene. ECF No. 22. The other parties did not oppose Junior and the Trust's Motion for Limited Intervention, ECF No. 23, PageID.805, so the Court granted it and denied Junior and the Trust's *Ex Parte* Motion for Expedited Hearing as moot, *id.* at 806.

The Court was initially scheduled to hear oral arguments regarding Fannie Mae's Motion for Appointment of a Receiver on May 19, 2021, but the Motion hearing was continued so Junior and the Trust could meaningfully participate. Instead, the Court conducted a status conference during which the parties agreed to meet and confer regarding a proposed order appointing a receiver. *Id.* at PageID.805. On May 28, 2021, the Court held another status conference during which the parties disagreed on how close they had come to finalizing a proposed order. ECF No. 27, PageID.813. The Court thus scheduled a new motion hearing for June 10, 2021. *Id.* Subsequently, on the day of the hearing, Fannie Mae and River Houze filed a stipulated order appointing Ronald L. Glass of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services to oversee the Property ("Overseer Order"). ECF No. 35. Per the stipulation, the Court took "exclusive jurisdiction

7

over the Property" and Glass was "granted exclusive control over, and unfettered and immediate access to review all documents, records, accounts, property, and communications of or relating to" River Houze or the Property. *Id.* at PageID.888.

In accordance with the Court's August 11, 2021 Scheduling Order, ECF No. 39, on September 16, 2021, the parties filed a Stipulated Order Regarding Facilitation indicating they would facilitate with Judge Lita Popke of JAMS on October 26, 2021. ECF No. 46. The parties subsequently requested to continue the date for completion of facilitation, ECF No. 47, and continued the date to November 22, 2021, ECF No. 48.

On January 19, 2022, Fannie Mae filed a Notice of Plaintiff's Non-Judicial Foreclosure of Its Mortgage on the Property. ECF No. 55. After being contacted by a lien claimant[3], Fannie Mae had initiated the foreclosure on January 12, 2022. *Id.* at PageID.1027-28. The Sheriff's Sale was initially scheduled for February 17, 2022. *Id.* at PageID.1028-29. However, Fannie Mae ultimately rescheduled the Sale for March 17, 2022.[4] ECF No. 74, PageID.1339

---

[3] Mid-American Gunite, Inc. subsequently filed a Motion to Intervene and for Leave of This Court to Take Action to Enforce its Construction Lien on January 14, 2022. ECF No. 51. The Court granted this Motion via stipulated order on February 14, 2022. ECF No. 75.

[4] It is unclear whether the Property has been, in fact, sold. Notably, Pursuant to MICH. COMP. LAWS § 600.3240(7), the Sheriff's Deed, which would have been granted to the highest bidder at the Sheriff's Sale, will not be effective to transfer

8

As such, on February 1, 2022, Intervenor-Defendant LivRiverHouze—along with, ostensibly, Defendant River Houze—filed the instant Motion to Continue Facilitation and Order Adjournment of Foreclosure on behalf of itself and Defendant River Houze. ECF No. 64. LivRiverHouze claims Joe Barbat and Arie Leibovitz "were very close to a resolution" at the end of the Court-ordered facilitation in November 2021.[5] *Id.* at PageID.1226. LivRiverHouze asserts a deal between Barbat and Leibovitz could be finalized if the Court ordered facilitation to continue and that such a deal "would allow Judge Popke to attempt to formalize a River Houze-Fannie Mae settlement." *Id.*

Additionally, LivRiverHouze contends "Fannie Mae has no basis to foreclose on the Property[] because there were no events of default[] under the loan when Glass took over." *Id.* at PageID.1227. In particular, LivRiverHouze argues Fannie

---

complete title of the Property until the end of a six-month redemption period. ECF No. 74, PageID.1029. Nevertheless, because the date of the sale has passed, the Court will construe the Motion as one to set aside the foreclosure.

[5] In response to LivRiverHouze's subsequent Emergency Motion for Temporary Restraining Order, (ECF No. 69), which likewise sought to forestall foreclosure and continue facilitation, Intervenor-Defendants Junior and the Trust argued LivRiverHouze improperly disclosed details concerning the facilitations in front of Judge Popke in violation of the Mediation Agreement. ECF No. 71, PageID.1325-26. Similarly, Plaintiff Fannie Mae objected to the disclosure of any confidential information from the facilitation as a violation of the agreement between the parties. ECF No. 74, PageID.1358. Accordingly, the Court will only refer to the details of the facilitations in a cursory fashion.

9

Mae cannot demonstrate an Event of Default because it has never given River Houze notice of a default that provided a cure period. *Id.* at PageID.1228. Further, LivRiverHouze avers that when Fannie Mae sent its first default notice, the events described therein had already been cured: the mechanic's liens had already been bonded over and the state court lawsuit "did not threaten Fannie Mae's interest." *Id.* at PageID.1229. Finally, LivRiverHouze asserts management of the Property has declined since appointment of the Receiver. *Id.* at PageID.1230-32.

Notably, on February 4, 2022, LivRiverHouze—on its own—filed an Emergency Motion for Temporary Restraining Order/Preliminary Injunction and Order Requiring Facilitation (ECF No. 69). Like the present Motion, the Emergency Motion sought to forestall the foreclosure and Sheriff's Sale initially scheduled for February 17, 2022 and an order requiring the parties to return to facilitation. ECF No. 69. Because Fannie Mae postponed the Sale, LivRiverHouze withdrew its request for a temporary restraining order. ECF No. 81, PageID.1480. The Court subsequently denied LivRiverHouze's Motion as moot to the extent is sought to forestall the postponed Sale. ECF No. 84. The Court also concluded that "ordering the parties to continue facilitating would not be productive" and denied the Motion without prejudice to the extent is sought such an order. *Id.* at PageID.1509-10.

10

Fannie Mae opposes the instant Motion on several grounds.  *See* ECF No. 82. First, Fannie Mae notes LivRiverHouze withdrew its request for a temporary restraining order/preliminary injunction seeking similar relief.  *Id.* at PageID.1486. Second, Fannie Mae argues the Motion is not properly brought on behalf of River Houze because, based on the other Intervenor-Defendants' response to the Emergency Motion, its members have not agreed on how to defend this lawsuit and the firm that filed the Motion is not authorized to represent River Houze.  *Id.* at PageID.1493 (citing ECF No. 71, PageID.1328).    Additionally, Fannie Mae incorporates by reference its arguments in response to the Emergency Motion that LivRiverHouze, who is not a party to the Mortgage, does not have standing to seek the requested relief.  *Id.* at PageID.1494 (citing ECF No. 74, PageID.1348-49). Third, Fannie Mae avers, "Given the representations of both Members of Borrower on the record, there is no reason to believe that a Court-ordered return to facilitation will resolve the issues between those parties, let alone the dispute between Borrower and Plaintiff."  *Id.* at PageID.1494-95.

Finally, Fannie Mae contends River Houze "has committed numerous defaults under the Loan Agreement" thus entitling Fannie Mae to enforce its remedies.  *Id.* at PageID.1495.  These remedies include "foreclosure on and/or the power of sale of the Mortgaged Property."  *Id.* (quoting Loan Agreement, Section 14.02(a)).

11

Moreover, the Loan Agreement gives Fannie Mae "the right to elect its remedies and proceed when and in whatever order it elects to enforce its remedies." *Id*. Fannie Mae asserts "[e]ven a *de minimis* default is sufficient to allow a lender to enforce its remedies." *Id.* at PageID.1496. The alleged defaults include: failing to timely notify Fannie Mae of the state court proceeding filed in February 2021; the plaintiff in the state court case requesting a receiver; various allegations in the state court complaint, such as submitting false financial information to Fannie Mae and Berkadia, making false construction draw requests, and misappropriating loan proceeds and revenue; permitting multiple mechanic's liens to be filed against the Property, two of which were bonded off only after the 60-day deadline and a third that has still not been bonded off; failing to comply with applicable law which resulted in the City of Detroit issuing various citations and code violations against the Property; and failing to maintain the security deposits in accordance with Michigan law. *Id.* at PageID.1489-91.

Further, Fannie Mae notes the Overseer was obligated to file a motion "to address yet *another* mechanic's lien, which was recorded in violation of the" Overseer Order "due to Borrower's failure to pay its pre-Overseer obligations." *Id.* at PageID.1491-92 (emphasis in original). Moreover, two mechanic's liens claimants—Mid-American Gunite, Inc. ("Mid-American") and Akins Construction,

12

Inc. ("Akins")—intervened in this action seeking leave to enforce their liens (ECF Nos. 51, 56, 58) and "impair[ed] Plaintiff's interests by forcing Plaintiff and the Overseer to incur additional costs to address these claims." *Id.* at PageID.1492.

In Reply, LivRiverHouze counters "[t]here are no defaults and, therefore, no right under the loan documents to foreclose on" the Property. ECF No. 91, PageID.1530. First, it argues the state court litigation was not "expected to materially adversely affect the financial condition or business of Borrower, Guarantor, or Key Principal, or the condition operation, or ownership of the Mortgaged Property" and thus does not constitute an Event of Default. *Id.* at PageID.1532 (quoting Loan Agreement Section 4.02(f)). Moreover, LivRiverHouze claims "Fannie Mae never provided notice to cure the alleged default as required" and the dispute is now moot because the case was dismissed in favor of arbitration, which has been stayed. *Id.* at PageID.1533. Additionally, LivRiverHouze asserts Leibovitz's request for a receiver in the lawsuit was not an "unauthorized transfer" under Section 14.01(a)(6) because, ultimately, "[n]o receiver was appointed." *Id.*

Second, LivRiverHouze avers the allegations in the state court complaint, which have not been proven, are insufficient to establish an Event of Default. *Id.* at PageID.1534. Third, LivRiverHouze contends its mechanic's liens cannot constitute Events of Default under the Loan Agreement because the liens from Akins were

13

timely bonded off and Burbar Construction LLC reinstated its lien in violation of the Overseer Order. *Id.* at PageID.1536-37. Fourth, LivRiverHouze argues there were no outstanding violations from the City of Detroit when the Overseer took over management of the Property in June 2021, as evidenced by the Certificate of Compliance issued by the City in November 2020. *Id.* at PageID.1358. Fifth, LivRiverHouze insists the security deposits and operating account were not comingled and even if they were, the failure to maintain accurate books and records cannot constitute an Event of Default without notice and an extended cure period, which has not happened. *Id.* at PageID.1539. Sixth, LivRiverHouze contends Fannie Mae's allegation regarding Akins' and Mid-American's interventions "simply is too thin to be considered an event of default under any definition in the loan agreements, and not supported or described by Fannie Mae in any case." *Id.* at PageID.1539.

Lastly, LivRiverHouze claims the "matter can be resolved if the Court sends the parties back to facilitation." *Id.* at PageID.1540. In particular, LivRiverHouze states, "No one disputes that the parties were at the one yard line. While Barbat and Leibovitz have been at odds over settlement recently, Judge Popke brought them to the brink of settlement, and she can do so again." *Id.*

14

### III.   LAW & ANALYSIS

#### A. Legal Standard

"When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action." *Morell v. Star Taxi,* 343 F. App'x 54, 57 (6th Cir.2009).   A litigant has standing under Michigan law "whenever there is a legal cause of action." *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.,* 487 Mich. 349, 792 N.W.2d 686, 699 (2010).   Under Article III, a plaintiff has standing when "it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent," that injury is "fairly traceable to the challenged action of the defendant," and "it is likely . . . that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

It is well established that "[a] non-borrower may not challenge a foreclosure . . . ." *Mitchell v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-CV-425, 2012 WL 1094671, at *2 (W.D. Mich. Mar. 30, 2012).   This is because someone who "was not a party to the [underlying] loan . . . lack[s] standing to bring any claim based on that loan." *Johnson v. Ocwen Loan Servicing,* 374 Fed. Appx. 868, 874 (11th Cir. 2010). *See also Rider v. Wells Fargo Bank, NA*, No. CV 17-12702, 2018 WL

15

4524118, at *4 (E.D. Mich. June 6, 2018), *report and recommendation adopted sub*

*nom. Rider v. Wells Fargo Bank, N.A.*, No. 17-CV-12702, 2018 WL 4701714 (E.D.

Mich. Sept. 26, 2018) ("Case law establishes that as a non-party to the Note and

Mortgage, [plaintiff] possesses no legally protected interest under them, precluding

a finding of an "injury in fact" flowing from the foreclosure."); *Austin v.*

*Countrywide Home Loans, Inc.*, No. 07-CV-15127, 2008 WL 3833269, at *4 (E.D.

Mich. Aug. 13, 2008) ("[Plaintiff] is not a borrower under the Note, did not sign the

Note and has no interest in the Note. Therefore, plaintiff has no standing to sue under

the Note . . . . Plaintiff's rights in the Property, whatever they may be, are not the

same thing as having a personal stake in the Note. Therefore, plaintiff has

no standing to ask this Court to exercise its jurisdiction over the Note . . . .").

**B. Discussion**

**1. LivRiverHouze Lacks Standing to Challenge the Foreclosure.**

As stated *supra*, Plaintiff Fannie Mae contests Intervenor-Defendant

LivRiverHouze's authority to bring this Motion, and Intervenor-Defendants Junior

and the Trust disputed LivRiverHouze's authority to request similar relief in its

Emergency Motion.[6]  Specifically, they argue the Motions cannot be brought on

---

[6] The Court granted Junior and the Trust's intervention in this matter for the limited purpose of participating in court-ordered facilitation.  ECF Nos. 20, 23.  As such, they have not responded to the instant Motion.  Nevertheless, because (1) this

16

behalf of River Houze because its members disagree on how to defend the lawsuit and did not unanimously agree to file the Motions.  ECF No. 71, PageID.1328; ECF No. 82, PageID.1494.  Moreover, they argue LivRiverHouze lacks standing to file a Motion seeking relief in connection with a loan between Fannie Mae and River Houze—in other words, a loan to which LivRiverHouze is not a signatory.  ECF No. 71, PageID.1328-29; ECF No. 74, PageID.1348.

Notably, LivRiverHouze does not address these arguments in either its Reply to the instant Motion or its Reply to its Emergency Motion.  While the failure to respond to an argument is more commonly seen in response to a motion to dismiss, it is well settled in this District that such failure can constitute concession of the un-addressed argument.  *See Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted); *see also Humphrey v. U.S.*

---

Motion seeks similar relief to LivRiverHouze's Emergency Motion, (2) the arguments made in Junior and the Trust's Response to the Emergency Motion apply equally to the instant Motion, and (3) it is the Court's understanding that Junior and the Trust oppose the instant Motion as well, the Court incorporates the relevant contentions in Junior and the Trust's Response as if they had been reasserted.

17

*Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court to grant a motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

Even if LivRiverHouze had addressed the standing concerns, the Court agrees that, as a nonparty to the underlying Loan, LivRiverHouze lacks authority to request adjourning/vacating the foreclosure.   As discussed *supra*, a non-signatory to a mortgage cannot establish the necessary "injury in fact" stemming from the foreclosure of a mortgaged property.  *See Garrow v. JPMorgan Chase Bank, N.A.*, No. CV 15-14058, 2016 WL 2894066, at *6 (E.D. Mich. Apr. 27, 2016), *report and recommendation adopted,* No. 15-14058, 2016 WL 2866410 (E.D. Mich. May 17, 2016) (holding plaintiff lacked standing to challenge foreclosure because "she did not sign the note"); *Sesi v. Fed. Nat. Mortg. Ass'n*, No. CIV.A. 10-12966, 2010 WL 8471863, at *3 (E.D. Mich. Sept. 29, 2010), *report and recommendation adopted*, No. 10-12966, 2012 WL 831759 (E.D. Mich. Mar. 12, 2012) (holding mortgagors' son could not challenge foreclosure because "plaintiff was not a party to that mortgage and therefore cannot assert any claims against it"); *Austin*, 2008 WL 3833269, at *4 (holding plaintiff lacked standing to challenge foreclosure based

18

on agreement to which his wife was the only signatory).  LivRiverHouze is not a signatory to the Mortgage and thus does not have the right to challenge the foreclosure.

The Court acknowledges LivRiverHouze has some interest in the Property as a partial owner of River Houze, the Mortgagor in this case.  However, that interest is not sufficient to overcome the fact that the owners of fifty percent of River Houze—Junior and the Trust—have made it quite clear that they oppose the requested relief.  In Response to the Emergency Motion, they stated:

> A Barbat controlled entity, LivRiverHouze, LLC, filed the Motion. The Motion, however, purports to address harm to River Houze, LLC, the owner of The Jeffersonian, which is the subject of Fannie Mae's pending foreclosure.  Neither Barbat nor movant herein controls River Houze, LLC.  Nor does movant have standing to raise claims of River Houze, LLC.  Moreover, the Motion was not authorized by River Houze, LLC as Leibovitz was not consulted regarding, nor did he authorize the filing of, the Motion.  In bringing this Motion, movant is disregarding governance requirements regarding management of River Houze, LLC and, thus, the Motion is not properly before this Court.

ECF No. 71, PageID.1327.  Given that the members of River Houze cannot reach consensus on the existence of an "injury in fact" that needs to be addressed, LivRiverHouze cannot use its partial ownership of the Mortgagor to circumvent the standing requirements and challenge the foreclosure as a non-signatory to the

19

Mortgage.  In other words, LivRiverHouze's rights in the Property "are not the same thing as having a personal stake in the Note."  *Austin*, 2008 WL 3833269, at *4.

The Court also notes that the instant Motion was purportedly brought by River Houze in addition to LivRiverHouze; however, the Court agrees that, given the current circumstances, this is barred by the Mortgagor's Operating Agreement. Section 8.1 of the First Amended Restated Operating Agreement for River Houze provides in pertinent part:

> Section 8.1. Management of Business. The Company shall be managed by the Managing Member. For purposes of managing the Company or any provision of this Agreement or the Limited Liability Company Act requiring the management, appointment, authorization, vote, approval, or consent of the Members, such management, appointment, authorization, vote, approval, or consent shall be effected and determined by the unanimous consent of the Members, except for matters not subject to the consent of the Members.

*Id.* at PageID.1328.  As the Managing Member—JeffRiverHouze—is equally owned by the Trust and Joe Barbat, both needed to give consent to bring the Motion on behalf of River Houze.  Because LivRiverHouze did not obtain the Trust's consent to file the Motion—and the Trust actively opposes it—the Motion cannot be brought on behalf of River Houze.

Accordingly, the Court holds LivRiverHouze lacks standing to bring the instant Motion to the extent the Motion requests adjourning/vacating the foreclosure.

20

Because the Court has so found, it need not address LivRiverHouze's arguments that Fannie Mae's allegations do not constitute Events of Default under the Loan Agreement.

### 2. Further Court-Ordered Facilitation Would Not Be Productive at This Time.

As discussed *supra*, the parties used the same arguments regarding facilitation in the briefing for the instant Motion as they did in the briefing for the Emergency Motion. Because the Court has already addressed these assertions, ECF No. 84, PageID.1508-10, it will not repeat its analysis here. The parties have not provided any additional information indicating that Junior and the Trust or Fannie Mae (1) now agree with LivRiverHouze's characterization of the success of the last attempt at facilitation or (2) are more optimistic about the chances of success if they were to try again. Accordingly, the Court again finds that "ordering the parties to continue facilitating would not be productive at this time." *Id.* at PageID.15009-10. As before, the Court is prepared to sign a stipulated order of facilitation between the Intervenor-Defendants as well as between Plaintiff and Defendant if the parties are able to negotiate one.

21

## IV.   CONCLUSION

Accordingly, for the reasons articulated *supra*, **IT IS HEREBY ORDERED**

that Defendant River Houze and Intervenor-Defendant LivRiverHouze's Motion to

(1) Continue Facilitation, and (2) Order Adjournment of Foreclosure (ECF No. 64)

is **DENIED**.


**IT IS SO ORDERED**.


s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  April 1, 2022


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 1, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

22