UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, d/b/a FANNIE MAE,

        Plaintiff,

        v.

RIVER HOUZE, LLC,

        Defendant.

_____/

Case No. 21-cv-10958

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER GRANTING OVERSEER'S APPLICATION FOR
FEES IN CONNECTION WITH ITS MOTION TO ENFORCE STAY,
COMPEL NONPARTY BURBAR CONSTRUCTION LLC TO REMOVE
ITS CONSTRUCTION LIEN, AND FOR ATTORNEYS' FEES AND COSTS
(ECF No. 101)**

## I.   INTRODUCTION

On July 21, 2022 this Court issued an opinion and order granting the Overseer's Motion to Enforce Stay, Compel Nonparty Burbar Construction LLC to Remove its Lien, and for Attorneys' Fees and Costs (ECF No. 61). *See* ECF No. 100, PageID.1653. In its opinion and order, the Court directed the Overseer to "submit an itemization of all reasonable attorney fees incurred in bringing" its motion, including "the hourly rate of the attorney(s) involved, a brief description of

the work performed, the number of hours attributed to each task, and any other relevant information the court will need to perform a lodestar analysis." *Id*. The Court also permitted Nonparty Burbar Construction LLC ("Burbar") to submit objections within ten days. *See id*.

Presently before the Court is the "Overseer's Application for Fees in Connection with its Motion to Enforce Stay, Compel Nonparty Burbar Construction LLC to Remove its Construction Lien, and for Attorneys' Fees and Costs" (hereinafter "Application for Fees"), filed on August 5, 2022. *See* ECF No. 101. Burbar responded in opposition on August 17, 2022, *see* ECF No. 104, and the Overseer replied on August 19, 2022, *see* ECF No. 105. For the following reasons, the Overseer's Application for Fees is **GRANTED**.

## II.   BACKGROUND

The Overseer requests an award of $10,780 against Burbar. ECF No. 101, PageID.1656. Specifically, the Overseer explains that two partners at Honigman LLP ("Honigman") worked on the Overseer's motion. *Id.* Scott B. Kitei worked at a rate of $490.00 per hour for a total 5.75 hours, while Rian C. Dawson worked at the same rate for a total of 16.25 hours, for a combined total of 22 hours. *Id*.

Burbar argues that these fees "are exorbitant" given that its counsel, Richard Shaw, spent 3.48667 hours responding to the Overseers' motion and that the motion

itself only included four pages of substantive content.  ECF No. 104, PageID.1712.

Burbar further asserts that Kitei and Dawson's rate is "unreasonable" given their

relative newness to the Michigan Bar and that the legal and factual issues that were

the subject of the motion were not complex.  *See id.*  Finally, Burbar notes that it is

a two-employee company that operates out of a home, that its work on the subject

property was its largest project to date, and that the company from whom the

Overseer took management of the subject property owes Burbar over $95,000.  *Id.*

at PageID.1712–13.  Thus, Burbar requests the Court limit the Overseer's award to

no more than $1,600.  *Id.* at PageID.1713.

### III.   LAW & ANALYSIS

### 1.  Legal Standard

When a court finds that an award of fees is appropriate, it must then arrive at

a reasonable amount of fees to award.  *See Bldg. Serv. Local 7 Cleaning Contractors*

*Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). "The

primary concern in an attorney fee case is that the fee awarded be reasonable, that

is, one that is adequately compensatory to attract competent counsel, yet which

avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227

F.3d 343, 349 (6th Cir. 2000).  The Court must use the "lodestar" method to

determine the appropriate amount of attorney fees.  *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005).

"To determine the lodestar figure, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Gascho v. Global Fitness Holdings*, LLC, 822 F.3d 269, 279 (6th Cir. 2016).  Second, the court may adjust the lodestar figure up or down to reflect relevant considerations particular to the context of the case at hand.  *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014).  These considerations include: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customer fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

"The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id.* (citing *Hensley*, 461 U.S. at 433).  Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts, are to be excluded.  *Id*.  In assessing the "reasonable hourly rate" component of the lodestar method, the district court should

assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).   The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Addock-Ladd*, 227 F. 3d at 350.

### 2. Discussion

#### i.   Timeliness of Burbar's Response

As a threshold manner, the Overseer argues in his Reply that Burbar's response was untimely, ECF No. 105, PageID.1719, and thus implies that the Court should not consider it.  As stated in Section I *supra*, the Court ordered Burbar to file any objections within in ten days of the Overseers' submission.  ECF No. 100, PageID.1653.  The Overseer filed its application on August 5, 2022, *see* ECF No. 101, and Burbar filed its response on August 17, 2022, *see* ECF No. 104.  Pursuant to Federal Rule of Civil Procedure 6, which governs the rules for computing time, the ten-day period should have started on Saturday, August 6, 2022, and the deadline for Burbar's response was, in fact, August 15, 2022.  However, it appears to the Court that counsel for Burbar mistakenly excluded August 6 and August 7 and started the period on Monday, August 8, the next business day.  If this procedure had been correct, Burbar's submission would have been timely.  Because this mistake appears to have been inadvertent, the Court will consider Burbar's response.

### ii.    Reasonableness of the hourly rate

The Overseer's lead counsel, Scott B. Kitei has been a member of the Illinois Bar since 2004 and the Michigan Bar since 2014.  ECF No. 101-2, PageID.1664. He graduated from Cornell Law School in 2004 and has been an attorney at Honigman since 2013.  *Id*.  Prior to joining Honigman, Attorney Kitei also worked as an associate at Sidley Austin LLP and Kirkland & Ellis LLP and as of counsel at Goldstein & McClintock LLP.  *Id.* at PageID.1665.  Attorney Kitei specializes in restructuring and insolvency matters.  *Id*.

Rian C. Dawson graduated from the Indiana University – Bloomington Maurer School of Law with a J.D. in 2016.  *Id*.  She has been a member of the Michigan Bar since 2016 and has worked at Honigman since then.  *Id*.; *see id.* at PageID.1674.  Attorney Dawson specializes in complex commercial litigation.  *Id.* at PageID.1665.  She was also named "One to Watch" in Commercial Litigation in 2022 by *The Best Lawyers in America*.  *Id*.

The Overseer was charged a blended rate of $490 per hour that he agreed was commensurate with the skill of his attorneys.  ECF No. 101, PageID.1659.  Robert M. Riley, Honigman's Chief Value Partner, affirms that Honigman's rates "are within the range of market rates in Southeastern Michigan for a full-service firm with highly respected attorneys who have outstanding credentials and reputations

who hand complex and/or specialized matters, including court-appointed receivers."
ECF No. 101-3, PageID.1678.

The 2020 State Bar of Michigan Survey of Michigan lawyers' billing rates
who practice in downtown Detroit shows hourly rates ranging from $218 to $630,
with a mean rate of $343 per hour. *Id.* at PageID.1689. Partners, such as Attorneys
Kitei and Dawson, charge hourly rates between $250 and $620, with mean rates of
$349 and $358 for equity and non-equity partners, respectively. *Id.* at PageID.1688.

Courts in this district routinely rely upon the State Bar's survey as evidence
of a reasonable billing rate. *See Litt v. Portfolio Recovery Assocs.*, LLC, No. 13-
12462, 2015 U.S. Dist. LEXIS 53406 (E.D. Mich. Mar. 20, 2015) (citing *Garrett v.
Gila LLC*, No. 11-12523, 2012 U.S. Dist. LEXIS 180030 (E.D. Mich. 2012)
(collecting cases); *O'Connor v. Trans. Union, LLC.*, No. 05-cv-74498, 2008 U.S.
Dist. LEXIS 94498, at *6 (E.D. Mich. 2008) ("District courts have relied on the State
Bar of Michigan Economics of Law Practice Survey to determine average billing
rates in Michigan, and the Sixth Circuit has approved this practice."); *see also Lamar
Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501-02 (6th Cir. 2006).

Because the 2020 State Bar of Michigan Survey evidences that Attorneys
Kitei and Dawson's blended hourly billing rate is reasonable in the relevant
community given their experience, the Court concludes their rate is reasonable for
purposes of the lodestar analysis. While Burbar accuses Honigman of charging "top

dollar" ECF No. 104, PageID.1712, the Court notes that the $490 blended hourly

rate is well below the 95th percentile for all relevant metrics included in the State

Bar of Michigan Survey.  Moreover, Burbar provides no contradictory evidence of

an alternative reasonable hourly rate, not even the hourly rate of its own counsel.

*See* ECF No. 104.

### iii.    Reasonableness of the hours expended

Th Court awarded the Overseer fees incurred in bringing the motion.  *See* ECF

No. 100, PageID.1653.  Attorney Kitei billed a total of 5.75 hours for reviewing and

revising Attorney Dawson's drafts, discussing case strategy with Attorney Dawson,

and reviewing Burbar's response.  Attorney Dawson billed a total of 16.25 hours for

drafting and revising the motion, emailing the Overseer, reviewing Burbar's

response, conducting legal research, and drafting and revising the reply.   The

descriptions in these time entries are sufficiently detailed for the Court to determine

whether the hours billed were actually and reasonably expended in bringing and

defending the motion.  *See Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553

(6th Cir. 2008).

In discussing the award of attorneys' fees under 18 U.S.C. § 1988, the

Supreme Court noted, "Where a plaintiff has obtained excellent results, his attorney

should recover a fully compensatory fee.  Normally this will encompass all hours

reasonably expended on the litigation . . . ."  *Hensley*, 461 U.S. at 435.  Here,

Attorneys Kitei and Dawson "obtained excellent results" in having their motion granted, and none of their time appears to be duplicative. Indeed, it appears that Attorney Dawson did the bulk of the groundwork, and Attorney Kitei, who is more experienced, reviewed it. As such, the Court concludes that the hours expended were reasonable. While the Court is sympathetic to Burbar's financial situation, that is not one of the factors the Court can consider in determining whether to reduce the fee award.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Overseer's Application for Fees (ECF No. 101) is **GRANTED**. Burbar shall pay the Overseer his reasonable attorneys' fees in the amount of **$10,780** within **twenty-one (21) days** of the entry of this Opinion and Order. If Burbar is unable to pay the full amount in that time, Burbar and the Overseer shall submit a joint proposed payment plan to this Court before the payment deadline.

**IT IS FURTHER ORDERED** that the disposition of the attorneys' fee award by the Overseer shall be governed by the terms of the Stipulation and Order By and Between Federal National Mortgage Association and River Houze, LLC to Appoint Ronald L. Glass to Oversee Property (ECF No. 35).

**IT IS FURTHER ORDERED** that The Court shall retain jurisdiction to enforce this Opinion and Order.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  June 14, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 14, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager