UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, d/b/a FANNIE MAE,

Plaintiff,

v.

RIVER HOUZE, LLC,

Defendant.

Case No. 21-cv-10958

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER DENYING INTERVENOR DEFENDANT LIVRIVERHOUZE'S MOTION TO SET ASIDE THE COURT'S 3/6/2023 ORDER APPROVING FINAL PROPERTY OVERSIGHT REPORT AND EXTENDING DEADLINE TO RESPOND TO MOTION (ECF No. 116) AND GRANTING PLAINTIFF'S MOTION TO DISMISS (ECF No. 117)**

**I.   INTRODUCTION**

On April 27, 2021, Plaintiff Federal National Mortgage Association, a corporation established pursuant to 12 U.S.C. § 1716 *et seq.* ("Fannie Mae" or "Plaintiff"), initiated this action alleging Defendant River Houze, LLC ("River Houze" or "Defendant") defaulted on a mortgage held by Fannie Mae on the multi-family commercial property located at 9000 East Jefferson Avenue, Detroit, Michigan 48214 (the "Property"). ECF No. 1. On May 13, 2021, the Court entered

1

a stipulated Order authorizing intervention by LivRiverHouze, LLC ("LivRiverHouze"), a 49.5% owner of River Houze. *See* ECF Nos. 17, ECF No. 94, PageID.1595–96.

Presently before the Court is Intervenor Defendant LivRiverHouze's "Unopposed Motion to Set Aside the Court's 3/6/2023 Order Approving Final Property Oversight Report and Extending the Deadline to Respond to Motion" (hereinafter "Motion to Set Aside"), which was filed on March 7, 2023. *See* ECF No. 116. Plaintiff objected to the Motion to Set Aside, *see* ECF No. 118, and LivRiverHouze replied, *see* ECF No. 119. Also before the Court is Plaintiff's "Motion to Dismiss Case" (hereinafter "Motion to Dismiss"), filed on March 14, 2023. *See* ECF No. 117. No party has responded to the Motion to Dismiss, and the time for doing so has more than lapsed. *See* E.D. Mich. LR 7.1(e). The Court held a hearing on both motions on June 12, 2023. For the following reasons, the Court will **DENY** Intervenor Defendant LivRiverHouze's Motion to Set Aside (ECF No. 118) and **GRANT** Plaintiff's Motion to Dismiss (ECF No. 117).

## II. BACKGROUND

On June 10, 2021, this Court entered the Stipulation and Order By and Between Federal National Mortgage Association and River Houze LLC to Appoint Ronald L. Glass to Oversee Property, which was amended by the Order to Extend

2

Appointment Of Ronald L. Glass that was filed on December 6, 2022 (the "Overseer Order"). ECF Nos. 35, 113. The Overseer Order provides, in relevant part:

> 15. Mr. Glass shall receive payment on a monthly basis . . . provided no objections are filed by the parties to Mr. Glass' monthly reports (as provided for in Paragraph 22 of this Order), within seven (7) days such reports are emailed to the parties to this action, through their respective counsel. In the event any objections are timely filed, Mr. Glass or any other party may file a motion with the Court to determine the propriety of the fees sought or of the objection(s).
>
> . . .
>
> 22. Mr. Glass shall submit to this Court for its in-camera inspection and serve on the parties who have filed appearances through their counsel by email a monthly report that accounts for all receipts and disbursements concerning the performance of its duties under this Order.
>
> . . .
>
> 24. Mr. Glass shall submit a final accounting for approval by the Court within sixty (60) days after the termination of the appointment or Mr. Glass' removal or resignation.

ECF No. 35, PageID.901, PageID.905.

On January 12, 2022, Fannie Mae initiated a non-judicial foreclosure by advertisement. ECF No. 96, PageID.1622. At the sheriff's sale on March 31, 2022, Fannie Mae submitted a credit bid $46,426,424.62 and was the highest bidder. *Id*. Fannie Mae thus received a Sheriff's Deed for the Property. *Id*. The six-month statutory redemption period provided for by Michigan law expired on November 21, 2022, *see id.*, and the Property was not redeemed, ECF No. 114, PageID.1791.

3

Although this ordinarily would have triggered the termination of the Overseer's appointment, *see* ECF No. 35, PageID.906–07, his appointment was extended through December 22, 2022 to facilitate the smooth transition of the Property into Fannie Mae's possession, ECF No. 113.

On February 21, 2023, the Overseer filed a Motion for Entry of an Order Approving Final Property Oversight Report. *See* ECF No. 114. Under this Court's Local Rules, responses to the motion were due by March 7, 2023. *See* E.D. Mich. LR 7.1(e). Nevertheless, this Court entered an order granting the requested relief on March 6, 2023. *See* ECF No. 115.

### III.  DISCUSSION

**A. Motion to Set Aside**

As a preliminary matter, Plaintiff and LivRiverHouze dispute whether the Motion to Set Aside can be considered "unopposed." *See* ECF No. 118, PageID.1826; ECF No. 119, PageID.1832. Only the Overseer indicated that he would not oppose the Motion to Set Aside. *See* ECF No. 116-1. LivRiverHouze did not discuss the motion with, or seek concurrence from, any other party. LivRiverHouze seems to argue that this was proper because no other party would need to be heard regarding its motion as no other party had sought an extension of time to file a response to the Motion for an Order Approving the Final Oversight

4

Report.  ECF No. 119, PageID.1832.  LivRiverHouze is incorrect.  In addition to an extension of the response deadline, the Motion to Set Aside requests that the Court set aside the Order Approving the Final Oversight Report.  *See* ECF No. 116.  This necessarily impacts Plaintiff's interests as the entry of that order serves as the basis for Plaintiff's Motion to Dismiss this action.  *See* ECF No. 117.  However, given that LivRiverHouze appears to have made an honest mistake, the Court will not penalize it for failing to seek concurrence from *all* relevant parties before filing its motion.

Next, Plaintiff disputes that LivRiverHouze has standing to object to the Motion for Entry of an Order Approving Final Property Oversight Report and thus lacks standing to ask for the order approving it to be set aside.  ECF No. 118, PageID.1826.  Plaintiff is correct that LivRiverHouze's motion to intervene was premised on a desire to oppose Plaintiff's initial motion for appointment of a receiver.  *See* ECF No. 5, PageID.386–87 (discussing Plaintiff's motion for appointment of a receiver and "wish[] to provide Fannie Mae all information requested on an expedited basis" so that "Fannie Mae can independently observe for itself the Property's operations and financial happenings.").  Nevertheless, the stipulated order authorizing intervention, to which Plaintiff agreed, merely states that "LivRiverHouze, LLC may intervene in this action," without qualification.  ECF No. 17, PageID.763.

5

Indeed, LivRiverHouze has already filed other motions in this action that were unrelated opposing the appointment of a receiver. *See* ECF Nos. 64, 69.  While the Court found that LivRiverHouze lacked standing to bring its Motion to Continue Facilitation and Order Adjournment of Foreclosure (ECF No. 64), this was premised on (1) LivRiverHouze's representation that it was bringing the motion *on behalf of Defendant River Houze*, (2) the other owners of River Houze's indication that they opposed the requested relief, and (3) the fact that a non-signatory to a mortgage lacks the requisite "injury in fact" to contest the foreclosure of the mortgaged property. *See* ECF No. 94, PageID.1609–14.  Here, LivRiverHouze is only attempting to represent its own interests and, importantly, there is no indication that the other owners of River Houze oppose the requested relief.  Thus, the Court concludes LivRiverHouze has standing to bring the Motion to Set Aside.

Nevertheless, the motion will be denied.  According to its brief, LivRiverHouze's only basis for bringing the motion is that the Order Approving the Final Property Oversight Report was premature under the briefing schedule set out in the Local Rules.  *See* ECF No. 116.  While courts ordinarily adhere to such schedules, district courts have adjudicated motions prior to the expiration of the time provided in that court's local rules in several circumstances.  *See, e.g.*, *Clark v. Cnty. of Saginaw*, No. 19-10106, 2020 WL 2525919, at *3 (E.D. Mich. May 18, 2020) ("The local rules provide a response must be filed within 14 days of service of a

motion, but do not require a court to wait until the response is received to decide a case management question."); *Gero v. Corr. Corp. of Am.*, No. CIV A 08-63-KSF, 2009 WL 2255769, at *1 (E.D. Ky. July 29, 2009) (discussing court's denial of a motion for reconsideration of the court's grant of a motion to compel prior to the time permitted for the plaintiff to file a response under the court's local rules); *cf. Blankenship v. Fox News Network, LLC*, No. 2:19-CV-00236, 2021 WL 2065411, at *1 n.1 (S.D. W. Va. May 18, 2021) ("In accordance with the authority endorsed by [the court's local rules], the undersigned has elected to decide these pending motions prior to the expiration of the filing deadlines for any replies endorsed by the Local Rules because the issues raised herein are not so complex that [they] would require the filing of additional pleadings."), *aff'd*, No. 2:19-CV-00236, 2021 WL 3264273 (S.D. W. Va. July 30, 2021).

Regardless, any error from the "premature" order was harmless because LivRiverHouze has not shown sufficient prejudice. Pursuant to the Overseer Order, LivRiverHouze should have filed any objections to the Final Property Oversight Report by February 28, 2023, within seven days of the report's submission on February 21, 2023. *See* ECF No. 35, PageID.901. LivRiverHouze failed to file any objections by that deadline; indeed, LivRiverHouze never objected to any of the monthly property oversight reports.

7

Instead, counsel for LivRiverHouze emailed counsel for the Overseer on March 6, 2023—the day before any response to the Overseer's motion would have been due under the Local Rules—and asked for a two-week extension to the response deadline because they "just can't get through all the reports in enough time *to consider whether we need to file a response and objections* to the Overseer's motion by tomorrow." ECF No. 116-1, PageID.1813 (emphasis added). LivRiverHouze did not attach a proposed response to its Motion to Set Aside. Its reply also indicates that it had not yet determined whether a response to the Overseer's motion was necessary at the time of filing. *See* ECF No. 119, PageID.1834 ("LivRiverHouze did not say it is opposing the Glass request in ECF No. 114. That's the point of the extension . . . ."). Nor has LivRiverHouze attempted to file supplemental briefing with the Court in the intervening three months. Most notably, LivRiverHouze did not respond to Plaintiff's Motion to Dismiss, which was premised on the entry of the Order Approving the Final Oversight Report.

When questioned about potential objections at the hearing, counsel for LivRiverHouze stated that the amount Plaintiff paid as a credit bid during the sheriff's sale of the Property was about $10 million more than balance of the mortgage at that time. Counsel for LivRiverHouze argued that, if this was a full credit bid, it would have fully extinguished the debt, and Defendant, and thus its constituent entities, may be entitled to some portion of any excess funds that remain

8

after the Overseer has completed his duties. Counsel for Plaintiff responded that he just learned of this argument the Friday before the Monday hearing. Moreover, counsel for Plaintiff confirmed that the purchase was not a full credit bid, but Plaintiff would nonetheless explore whether there exist any excess funds that should be properly turned over to Defendant. Notably, counsel for LivRiverHouze seemed to indicate that, given that the Overseer has already turned over any "Retained Funds," *see* ECF No. 35, PageID.901–02, to Plaintiff, the issue of potential excess funds is between Plaintiff and Defendant (including LivRiverHouze), and the Overseer can be discharged. Moreover, he indicated that the excess fund issue could be resolved amongst the counsel for the parties as soon as Plaintiff prepared an accounting of the credit bid. The undersigned notes that this issue has not been properly presented to the Court because it was raised for the first time during the hearing. *See Stockler v. Reassure Am. Life Ins. Co.*, No. 11-CV-15415, 2013 WL 866486, at *8 (E.D. Mich. Mar. 7, 2013) ("[A]n argument raised for the first time at a hearing or oral argument is not properly before the Court." (citing *Van Sickle v. Automatic Data Processing, Inc.*, 952 F. Supp. 1213, 1221 (E.D. Mich. 1997); *United States v. Lockett*, 359 F. App'x 598, 613 (6th Cir. 2009); *White v. FedEx Corp.*, No. 04–00099, 2006 WL 618591, at *2 (N.D. Cal. Mar.13, 2006))). Counsel for LivRiverHouze stated that he did not attempt to brief this issue because the Court had previously found the entity lacked standing to, on its own, bring motions on

9

behalf of Defendant. As discussed *supra*, the Court's ruling with respect to LivRiverHouze's Motion to Continue Facilitation and Order Adjournment of Foreclosure (ECF No. 64) was premised on very specific circumstances not present here.

Given the foregoing, this Court will not set aside its order. Specifically, (1) LivRiverHouze failed to submit objections within the deadline allotted by the Overseer Order; (2) LivRiverHouze did not articulate its objections to the Motion for Entry of an Order Approving Final Property Oversight Report until the hearing three months after its Motion to Set Aside was filed; (3) counsel for LivRiverHouze indicated that the issue of any excess funds can be handled amongst Plaintiff and Defendant's constituent entities and without extending the Overseer's appointment; (4) Plaintiff has relied on the approval of the Final Property Oversight Report in filing its Motion to Dismiss; (5) LivRiverHouze did not file a response to the Motion to Dismiss. The Court will thus deny LivRiverHouze's Motion to Set Aside.

### B. Motion to Dismiss

Plaintiff seeks to dismiss this action following the submission of the Final Property Oversight Report on February 21, 2023. ECF No. 117, PageID.1816. Plaintiff notes that other than LivRiverHouze's Motion to Set Aside, no party has filed objections to the Final Oversight Report within the timeframe allotted by the

Overseer Order. *Id.* at PageID.1816–17 (citing ECF No. 35, PageID.901). Plaintiff also notes that despite filing the Motion to Set Aside, LivRiverHouze did not, in fact, file objections before the requisite deadline. *Id.* at PageID.1817 n.1.

As stated in Section I *supra*, no party has filed a response to Plaintiff's Motion to Dismiss. Likewise, as discussed in Section II *supra*, the Property has already been sold to Plaintiff in a sheriff's sale as part of a non-judicial foreclosure, and the redemption period has already passed. Additionally, the Overseer has submitted, and this Court has approved, the Final Property Oversight Report, and the Overseer has turned over possession of the Property and any Retained Funds to Plaintiff. To the extent, LivRiverHouze's arguments during the motion hearing constitute a proper objection, counsel for LivRiverHouze and Plaintiff both indicated that the excess funds issue could be solved without court intervention, at this time. As such, there is no further relief the Court can afford Plaintiff and Plaintiff's Motion to Dismiss will be granted.

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Intervenor Defendant LivRiverHouze's Motion to Set Aside (ECF No. 118) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss (ECF No. 117) is **GRANTED**. This cause of action is **DISMISSED WITH PREJUDICE**.

If any party to this action, including all Intervenor Defendants, wishes to request the Court's intervention in resolving the excess fund issue, or any other issue relating to this matter, that party may file a motion to reopen the case.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 14, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager